T.C. Memo. 1999-139


UNITED STATES TAX COURT


PAUL T. & CAROLYN JACKSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11724-98.              Filed April 26, 1999.



<u>Robert T. Bennett</u>, for respondent.



MEMORANDUM OPINION


FOLEY, <u>Judge</u>:  By notice dated April 16, 1998, respondent determined a $4,355 deficiency and a $3,266 section 6663 penalty relating to petitioners' 1996 Federal income tax.  All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

At trial, petitioners failed to appear, respondent made an oral motion to dismiss for lack of prosecution the issues upon which petitioners bore the burden of proof, and the Court granted respondent's motion. See Rule 149. Respondent concedes that petitioners are entitled to a $2,000 deduction relating to an Individual Retirement Account contribution. The remaining issue for decision is whether petitioners are liable for a fraud penalty.

## Background

Petitioners, husband and wife, resided in Raritan, New Jersey, at the time their petition was filed. During the year in issue, Mr. Jackson received taxable income of $1,200 from Seton Hall University and $2,599 from Berkeley College of New Jersey, but did not give either school his correct Social Security number. Petitioners failed to report this income on their 1996 Federal income tax return.

In their petition, petitioners claimed that respondent had accepted their 1996 return "as filed" and that a refund was due to them. Petitioners included with their petition a purported Internal Revenue Service (IRS) letter supporting this claim. The letter was not written, or sent, by an IRS employee.

## Discussion

Respondent determined that petitioners are liable, pursuant to section 6663, for a fraud penalty. Respondent must establish

by clear and convincing evidence that, for the year in issue, an underpayment of tax exists and that some portion of the underpayment is due to fraud. See Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989). A taxpayer's attempts to conceal income, mislead the IRS, or prevent the collection of income tax may establish the requisite fraudulent intent. See Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

Respondent has established that, for the year in issue, the underpayment of tax was attributable to Mr. Jackson's fraud. Mr. Jackson received but failed to report on petitioners' 1996 tax return, $3,799 of taxable income, resulting in an underpayment of tax. Mr. Jackson attempted to prevent the IRS from collecting his income tax liability on this unreported income by providing incorrect social security numbers to his employers. See Hand v. Commissioner, T.C. Memo. 1982-457 (holding that the use of false social security numbers is evidence of fraudulent intent). In addition, Mr. Jackson persisted in his attempt to conceal income by submitting to respondent and the Court a counterfeit letter. Accordingly, Mr. Jackson is liable for the fraud penalty. Respondent, however, has not established that Mrs. Jackson acted with fraudulent intent. Accordingly, Mrs. Jackson is not liable for the fraud penalty. See sec. 6663(c).

To reflect the foregoing,

Decision will be entered

under Rule 155.